# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL GERBINO, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT NEXTEL CORPORATION, et al., )<br>)<br>Defendants. ) | Case No. 12-2722-CM |
| DAVID STEINBERG, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT NEXTEL CORPORATION, et al., )<br>)<br>Defendants. ) | Case No. 13-2235-CM |

## MEMORANDUM AND ORDER

These consolidated cases arise out of the proposed sale of a majority interest in Sprint Nextel Corporation ("Sprint") to SoftBank Corporation ("SoftBank"). On behalf of himself and all shareholders of Sprint common stock, plaintiff Paul Gerbino filed the lead putative class action ("*Gerbino*"), alleging that members of defendant Sprint's Board of Directors and affiliated entities of SoftBank breached their fiduciary duties and violated federal securities law in pursuing the proposed merger. Plaintiff David Steinberg filed the second case ("*Steinberg*"), which was recently consolidated with *Gerbino*. Also pending is a related consolidated state court action, *In re Sprint Nextel*

*Corporation Shareholder Litigation*, Consol. Case No. 12CV08366 (the "Consolidated State Action"), which is proceeding in the District Court of Johnson County, Kansas.

*Gerbino* is before the court on The Starburst Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, to Dismiss or Stay Case Pursuant to the *Colorado River* Doctrine (Doc. 34) and The Sprint Defendants' Motion to Dismiss or Stay Plaintiff's Corrected Amended Complaint (Doc. 37). Plaintiff also filed a motion for a preliminary injunction (Doc. 54), requesting that the court enjoin a special stockholder meeting set for June 12, 2013. Briefing on the preliminary injunction motion is delayed pending ruling on the motions to dismiss.

In their motions, defendants seek dismissal for failure to state a claim. Alternatively, they request a stay of the federal proceedings based on the parallel proceedings in Johnson County. The court first addresses whether a stay is appropriate under the *Colorado River* doctrine. *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## I. Factual Background

The following list provides a brief synopsis of relevant events in the instant case and the Consolidated State Action:

- **October 15, 2012:** Sprint and SoftBank announced two agreements. Under the first, SoftBank agreed to invest $3.1 billion in Sprint for a convertible bond. Under the second, Sprint would merge with a subsidiary of SoftBank and SoftBank would pay Sprint and its common stockholders about $17 billion.

- **October 24 and 25, 2012:** Three putative class actions regarding the proposed merger were filed in the District Court of Johnson County, Kansas.

- **Between October 29, 2012 and November 1, 2012:** Three additional related lawsuits were filed in state court.

- **November 14, 2012:** Plaintiff Paul Gerbino filed this action in federal court, alleging substantially the same claims as those in the state court actions. Plaintiff asserted that jurisdiction was proper based on diversity of parties.

- **November 26, 2012:** Judge Thomas Sutherland consolidated the Johnson County District Court actions.

- **January 4, 2013:** Judge Sutherland denied Sprint's motion to dismiss in the Consolidated State Action and lifted a stay on discovery. Discovery has been proceeding in the Consolidated State Action since this date.

- **February 20, 2013:** Plaintiff Paul Gerbino filed an amended complaint in this federal action, asserting the same state law claims as in his original complaint, plus state law disclosure claims. The record denotes that this document was incomplete and is superseded by the amended complaint filed two days later.

- **February 22, 2013:** Plaintiff Paul Gerbino filed the now-operative amended complaint in this action, adding a federal claim pursuant to Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9. Plaintiff alleges that the Form S-4 Registration Statement filed with the U.S. Securities and Exchange Commission ("SEC") contains materially misleading information and/or omits material information. Plaintiff asserts federal question jurisdiction based on that additional claim.

- **March 22, 2013:** The plaintiffs in the Consolidated State Action filed a motion for a temporary injunction to enjoin the Sprint shareholder vote.

- **March 28, 2013:** A Consolidated Amended Class Action Petition was filed in Johnson County District Court, adding claims for materially misleading information and/or material omissions in the Registration Statement.

- **March 29, 2013:** The plaintiffs in the Consolidated State Action filed a motion for class certification.

- **April 19, 2013:** In the federal case, Magistrate Judge O'Hara denied plaintiff's motion for expedited discovery and enforced a statutory stay pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). The stay remains in effect to date.

- **May 7, 2013:** Plaintiff filed a motion for a preliminary injunction in the federal case. Briefing on the motion is delayed until the court issues the ruling contained in this Memorandum and Order.

- **May 31, 2013:** A hearing is scheduled in the Consolidated State Action on the plaintiffs' motion for class certification (which is fully briefed) and plaintiffs' motion to supplement their consolidated amended petition.

- **June 7, 2013:** A hearing is scheduled in the Consolidated State Action on the plaintiffs' motion for a temporary injunction (which is also fully briefed).

## II. Legal Standard

The *Colorado River* doctrine permits a federal court that would otherwise have concurrent jurisdiction with a state court to "dismiss or stay a federal action in deference to pending parallel state court proceedings." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colo. River*, 424 U.S. at 817). For reasons of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," the federal court may exercise its discretion to stay or dismiss the federal suit. *Id*. at 1081 (quoting *Colo. River*, 424 U.S. at 817–18) (quotation and quotation marks omitted). But federal courts have a "virtually unflagging obligation . . . to exercise

the jurisdiction given them," rendering application of the doctrine appropriate only in "exceptional" circumstances. *Id*. (quoting *Colo. River*, 424 U.S. at 817–18).

The court approaches the *Colorado River* analysis in two steps. First, the court analyzes whether the state court suit and the federal suit are in fact "parallel." *Reality Tech., Inc. v. Countertrade Prods., Inc.*, No. 10-cv-01791-PAB-KLM, 2011 WL 2134409, at *2 (D. Colo. May 27, 2011). If this test is met, the court then applies the nonexhaustive factors delineated in *Colorado River*, 424 U.S. at 818, and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 18 n.20, 23, 26–28 (1983). *See id*.

The Tenth Circuit counsels that—should the court determine that deferral to the state proceeding is appropriate—the court should enter a stay, rather than dismiss the case. *Fox*, 16 F.3d at 1083 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings.") (citations omitted). "In the event the state proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action." *Id*. If the state court proceeding resolves all of the federal claims, dismissal of the federal case may then be appropriate. *Reality Tech., Inc.*, 2011 WL 2134409, at *2.

### III. Discussion

#### A. Whether the Two Actions Are Parallel

The court first examines whether the federal and state actions are indeed parallel. *Fox*, 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*. (quotation and quotation marks omitted). The standard is one of "substantial similarity," not identicalness. *Calleros v. FSI Int'l, Inc.*, 892 F. Supp. 2d 1163, 1168 (D. Minn. 2012). In making this determination, the court looks as the state case at it actually exists; it does not consider

how the state proceedings could have been brought in theory. *Fox*, 16 F.3d at 1081. Plaintiffs may not avoid *Colorado River's* impact by including additional defendants or claims in the federal suit. *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 180 F. Supp. 2d 1235, 1240 (D. Kan. 2001) (citation omitted); *see also Clark v. Lacy*, 376 F.3d 682, 686–87 (7th Cir. 2004) ("Just as the parallel nature of the actions cannot be destroyed by simply tacking on a few more defendants, neither can it be dispelled by repackaging the same issue under different causes of action.").

Several aspects of this question are easily satisfied. First, the parties are the same. All defendants in this action are also defendants in the Consolidated State Action. The Consolidated State Action also names SoftBank Corporation itself as a defendant, but this difference is of no consequence. Defendants Starburst I, Inc.; Starburst II, Inc.; and Starburst III, Inc.—all named in both federal and state court—are wholly-owned subsidiaries of SoftBank Corporation. *See Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1204 (D. Kan. 2004) (collecting cases and finding cases parallel when a corporation was named in the federal case and its affiliate was named in the state case). Also, putative classes in both federal and state court are the shareholders of Sprint common stock.

Second, the factual basis and issues are overwhelmingly the same. In both state and federal court, the dispute arises out of the proposed merger between Sprint and SoftBank. All plaintiffs allege that defendants breached their fiduciary duties or aided and abetted the other defendants' breaches. All plaintiffs accuse defendants of self-dealing. And all seek injunctive relief, damages, and fees. If *Gerbino* contained only the breach of fiduciary claims that it contained when initially filed, the decision would be clear. The claims and cases would be parallel.

There is, however, one complicating difference between the federal and state cases: the relatively new presence of a federal securities claim in the federal case. The federal securities claim

rests on the same facts as the other claims.  But it lies within the exclusive jurisdiction of the federal court.  15 U.S.C. § 78aa.  The federal claim is not present in the Consolidated State Action—and is not permitted there.  The case therefore presents a challenging issue:  When the federal case includes a claim within the exclusive jurisdiction of the federal court, can the federal and state cases be parallel?

Courts analyzing this issue have split.  Some have determined that federal and state cases may still be parallel, despite the presence of a claim reserved for the exclusive jurisdiction of the federal courts.  *See, e.g.*, *In re Wal-Mart Stores, Inc. S'holder Derivative Litig.*, No. 4:12-cv-4041, 2012 WL 5935340, at *2–4 (W.D. Ark. Nov. 27, 2012); *Calleros*, 892 F. Supp. 2d at 1168–70; *In re Novell, Inc. S'holder Litig.*, No. 10-12076-RWZ, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012); *Int'l Jensen Inc. v. Emerson Radio Corp.*, No. 96 C 2816, 1996 WL 494273, at *3–4 (N.D. Ill. Aug. 27, 1996); *see also McCreary v. Celera Corp.*, No. 11-1618 SC, 2011 WL 1399263, at *4 (N.D. Cal. Apr. 13, 2011) (staying federal action where the plaintiff's federal claim was duplicative of his state law claim, but analyzing the issue under the fifth *Colorado River* factor); *Lorentzen v. Levolor Corp.*, 754 F. Supp. 987, 992–93 (S.D.N.Y. 1990) (finding exclusive jurisdiction immaterial, but analyzing it under the "piecemeal litigation" factor of *Colorado River*).  Other courts have held that the cases may not be parallel as a matter of law when the federal case contains a claim with exclusive federal jurisdiction.  *See, e.g.*, *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213–14 (7th Cir. 1988); *Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 62–63 (2d Cir. 1986); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 436 (9th Cir. 1983); *Shields v. Murdoch*, 891 F. Supp. 2d 567, 578 (S.D.N.Y. 2012); *Harrison v. XTI Energy, Inc.*, 705 F. Supp. 2d 572, 576–77 (N.D. Tex. 2010); *Oakland Cnty. Employees' Ret. Sys. v. Massaro*, 702 F. Supp. 2d 1012, 1019–20 (N.D. Ill. 2010); *In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2006 WL 3193709, at *3–5 (E.D.N.Y. Nov. 2, 2006).  Finally, some courts have found that while a *Colorado River* doctrine stay is not appropriate for a

claim under exclusive federal jurisdiction, it still may be applicable to parallel state law claims in the same case. *See, e.g.*, *Giles v. ICG, Inc.*, 789 F. Supp. 2d 706, 714–15 (S.D. W. Va. 2011); *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1058–61 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1172 (C.D. Cal. 2008).

The court has reviewed the law at length on this issue and makes the following determination. It is likely—very likely—that plaintiff's § 14(a) disclosure claims will effectively be disposed of by rulings in the state court proceedings. *See Wal-Mart*, 2012 WL 5935340, at *3 ("Plaintiffs' Exchange Act claim is, in essence, duplicative of the breach of fiduciary duty claims present in the Delaware action. Many courts, including one in this circuit, have held that federal and state actions are parallel under these circumstances due to the likelihood that the state action, while not exercising jurisdiction over the 14(a) claim, will effectively dispose of the 14(a) claim by adjudicating duplicative state law claims that have the same elements and carry the same evidentiary burdens.") (citations omitted). Here, the § 14(a) claim is based on an allegation that the Registration Statement omits material information and/or contains materially misleading facts. The state court breach of fiduciary duty/disclosures claim also requires a determination of whether the omitted and/or misleading facts were material. As in *International Jensen, Inc.*, "the remedy offered by § 14(a) is duplicated in Delaware common law. The fact, then, that Delaware courts could not hear the particular claim in front of this court is not material." 1996 WL 494273, at *6. Kansas courts find persuasive Delaware decisions involving corporation law. *Achey v. Linn Cnty. Bank.*, 931 P.2d 16, 21 (Kan. 1997).

The court finds the substance of the claims to be more compelling than the nomenclature and nature of the claims. At their core, the allegations, issues, claims, and parties in state court and federal court are parallel. This court does not accept that the exclusive jurisdiction over one claim is sufficient to outweigh all of these other considerations. Otherwise, plaintiffs could effectively manipulate

defendants into defending substantively identical cases in multiple forums. *See Krieger*, 776 F. Supp. 2d at 1060 (finding itself bound by Ninth Circuit law to deny a stay, but stating, "The Court is somewhat concerned that this outcome permits forum-shopping and may encourage plaintiffs to add Exchange Act claims solely for the purpose of securing a separate federal forum and avoiding consolidation with previously filed state court actions."). This result is neither efficient nor economical. Rather, it promotes duplication of proceedings and a waste of judicial resources. For all of these reasons, the court determines that the state and federal proceedings are, indeed, parallel—despite the presence of the federal securities claim. The court recognizes that substantial authority exists supporting an opposite ruling. That authority is well-reasoned and supported by law. In practice, however, the court finds the inflexible, automatic mandated refusal to stay when a case contains federal claims within the exclusive jurisdiction of federal courts to be impractical and contrary to notions of wise judicial administration. *See City & Cnty. of San Francisco v. United States*, 930 F. Supp. 1348, 1352–55 (N.D. Cal. 1996) (disagreeing with bright-line rule prohibiting the stay of exclusive federal claims, but finding itself bound by Ninth Circuit law to deny a stay).

### B. *Colorado River* Factors

Because the court finds the state and federal proceedings parallel, it now turns to the *Colorado River* factors. The Supreme Court has outlined a nonexhaustive list of factors for courts to consider in determining whether "exceptional circumstances" exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) whether the federal forum is inconvenient; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the courts obtained jurisdiction and the progress of the two cases; (5) which forum's substantive law governs the merits of the litigation; (6) the adequacy of the state forum to protect the parties' rights; and (7) the vexatious or reactive nature of either action. *See Colo. River*, 424 U.S. at 818; *Moses H.*

*Cone*, 460 U.S. at 18 n.20, 23, 26–28. Other courts have also considered whether the party opposing abstention has engaged in "impermissible forum-shopping." *Fox*, 16 F.3d at 1082 (citing *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370–71 (9th Cir. 1990)).

The court should apply the factors in a pragmatic, flexible manner. *Health Care & Ret. Corp. of Am.*, 324 F. Supp. 2d at 1205 (citation omitted). "In applying the test, no one factor is determinative and the weight to be given any one factor may vary from case to case." *Id.* (citing *Colo. River*, 424 U.S. at 818–19). The balance should be "heavily weighted in favor of the exercise of jurisdiction." *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone*, 460 U.S. at 16). Only under the "clearest of justifications" is dismissal warranted. *Colo. River*, 424 U.S. at 819. And any doubt in the application and balancing of the factors "should be resolved in favor of exercising federal jurisdiction." *Fox*, 16 F.3d at 1082.

### 1. Whether Either Court Has Assumed Jurisdiction Over Property

This case does not involve any property over which either court—federal or state—has taken control. The Fifth Circuit has held that the absence of assertion of jurisdiction over a property cuts against abstention. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). But courts in this Circuit have considered this factor neutral or inapplicable when no property is involved. *See, e.g.*, *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013); *Health Care & Ret. Corp. of Am.*, 324 F. Supp. 2d at 1205; *Joseph Stowers Painting, Inc. v. A. Zahner Co.*, No. 99-2391-KHV, 2000 WL 210219, at *2 (D. Kan. Feb. 4, 2000); *Federated Rural Elec. Ins. Co.*, 884 F. Supp. 439, 445 (D. Kan. 1995). The court determines that this factor is neutral.

### 2. Whether the Federal Forum is Inconvenient

If the federal forum is less convenient than the state forum, the second factor balances in favor of staying or dismissing the case. *Health Care & Ret. Corp. of Am.*, 324 F. Supp. 2d at 1205–06

(citations omitted). This inquiry focuses on the physical proximity of the federal forum to the parties, evidence, and witnesses. *See id.* at 1206 (citation omitted).

Here, both the Consolidated State Action and the instant action are situated in the Kansas City metropolitan area. Defendants and many of the witnesses and documents are located in Overland Park, Kansas. Plaintiff asserts that the federal courthouse is only 11.8 miles away and that the Johnson County Courthouse is located nearly 143 miles away. The court is uncertain where plaintiff obtained these mileage calculations. The mileage estimates are erroneous. The federal courthouse is about 20 miles from the Sprint headquarters in Overland Park and the Johnson County courthouse is about 12 miles away. Based on the close proximity of the two buildings, the court does not find that the federal forum is less convenient than the state forum. This factor, too, is neutral.

### 3. Avoidance of Piecemeal Litigation

The third factor examines the likelihood of piecemeal litigation. "The avoidance of piecemeal litigation is an important rationale behind the *Colorado River* doctrine." *Ins. Fin. Corp. v. Evolution, Inc.*, No. 00-2386-KHV, 2000 WL 33314113, at *2 (D. Kan. Nov. 28, 2000). Where feasible, courts prefer to resolve disputes in a single proceeding—avoiding duplicative or piecemeal litigation. *See Arizona v. San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 569–70 (1983).

Here, the issues being litigated in state court are nearly identical to those before this court. Both cases rely on the same factual and legal assertions. Summarized at a basic level, the core questions in both are (1) whether the individual defendants breached their fiduciary duties in connection with the proposed merger; (2) whether the Starburst defendants aided and abetted such breaches; and (3) whether any omissions or misleading statements made in connection with the breaches were material. The only difference is that addressed above—the presence of the § 14(a) claim in the federal case. As the court said in *International Jensen*, "the issues involved in these cases,

even though they stem from different sources of law, are substantially the same. It is therefore unnecessary for both courts to act upon these claims." 1996 WL 494273, at *6.

Plaintiff contends that, because of the § 14(a) claim, piecemeal litigation will occur unless the federal action proceeds. According to plaintiff, the state court is incapable of resolving all of the claims, so at least one claim will eventually have to be litigated separately.

The court disagrees that separate litigation is inevitable. A state court judgment may collaterally estop relitigation of issues relating to the § 14(a) claim in this federal case. The federal court's exclusive jurisdiction over the § 14(a) claim does not alter this preclusive effect. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 383–84 (1996) ("Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions . . . [and] said nothing to modify the background rule that where a state-court judgment precedes that of a federal court, the federal court must give full faith and credit to the state court judgment."); *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *see also Clough v. Rush*, 959 F.2d 182, 187 (10th Cir. 1992).

Likewise, plaintiff's state law claims will probably be governed by res judicata. The court does not, however, make a conclusive finding at this time on claim and issue preclusion. Instead, the court merely notes that it is possible that collateral estoppel and res judicata will apply to plaintiff's claims. *See In re Novell*, 2012 WL 458500, at *8 ("While it is impossible to predict at this juncture the exact preclusive effect in this litigation of a judgment reached by the Chancery Court, any decision adverse to the plaintiff could moot or otherwise expedite disposition of plaintiffs' federal claims, while still protecting the parties' rights."). After a judgment is entered in the Consolidated State Action, the parties are free to dispute whether preclusion doctrines do, in fact, impact plaintiff's claims.

The court concludes that allowing both state and federal cases to proceed would create a risk of inconsistent results and a race to judgment. *See Health Care & Ret. Corp. of Am.*, 324 F. Supp. 2d at 1206. In applying *Colorado River*, the court seeks to attain efficiency and economy. *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233. This goal would be seriously undermined were the court to proceed with the claims before it. It would result in duplication of efforts. Also, as a practical matter, the upcoming shareholder meeting complicates matters more. June 12 is less than two weeks away. Both courts have a short timeframe in which to rule on the request for injunctive relief. This heightens the likelihood of rulings—and potentially conflicting rulings—being issued nearly simultaneously. If the rulings conflict, the goals of judicial economy and wise judicial administration are defeated. *See generally Giles*, 789 F. Supp. 2d at 713 ("[P]ermitting multiple courts to decide the same issues on whether the defendants breached their fiduciary duties in approving the . . . deal is judicial overkill, and harmful to all parties in this action. It would be unjust and unnecessary to impose potentially incompatible standards of conduct on the defendants."). Moreover, as other courts have noted, defendants "could face duplicative discovery requests and markedly different general litigation schedules in each court." *Id*. These concerns are "heightened in this case due to the complexity of the litigation, the presence of class-action claims, and the need to proceed expeditiously to address the proposed merger." *Krieger*, 776 F. Supp. 2d at 1062.

The third factor weighs heavily in favor of staying this case.

### 4. The Order in Which the Courts Obtained Jurisdiction and Case Progression

The first cases in the Consolidated State Action were filed on October 24 and 25, 2012. All of the state cases were filed by November 1, 2012. This federal action was filed on November 14, 2012. More important than the filing date, however, is the progress made in each of the actions. *Moses H.*

*Cone*, 460 U.S. at 21. This is where the Consolidated State Action has, without question, made more headway.

Discovery has not yet commenced in the federal action because of the PSLRA's automatic stay. In state court, discovery is well under way. Briefing is complete on class certification, as well as the plaintiffs' motion for a preliminary injunction. Hearings are scheduled on both—one for today, May 31, 2013, and one for next week.

While this court is capable of ordering expedited briefing on the pending motion for a preliminary injunction and ruling on it before the impending shareholder meeting, the progression of the Consolidated State Action is such that the Johnson County District Court is in a much better position to evaluate and rule on the merits of the motion to enjoin the meeting. This factor strongly favors a stay of the instant action.

### 5. Which Forum's Substantive Law Governs the Merits of the Litigation

The only federal claim asserted in this action is the § 14(a) claim. Federal law will govern this claim. The other claims are state-law tort claims. Because federal law will govern the § 14(a) claim, this factor could slightly favor denial of a stay. *See Waddell & Reed Fin., Inc.*, 180 F. Supp. 2d at 1242; *see also Moses H. Cone*, 460 U.S. at 25 (stating that "the presence of federal-law issues must always be a major consideration weighing against surrender"). That said, as explained in detail above, this court believes it likely that any state court ruling on the fiduciary duty claims will implicate the doctrines of collateral estoppel and res judicata. It is therefore possible—if not probable—that this court will not apply federal law at all. This tips the scale towards neutral on the fifth factor.

### 6. The Adequacy of the State Forum to Protect the Parties' Rights

In *Moses H. Cone*, the Supreme Court noted that in dismissing or staying a case under the *Colorado River* doctrine, a court essentially determines that the parallel state-court litigation "will be

an adequate vehicle for the complete and prompt resolution of the issues between the parties" and that "[i]f there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." 460 U.S. at 28. In other words, a stay is only appropriate under the *Colorado River* doctrine if the court has "full confidence" that the state court litigation will dispose of the dispute in its entirety. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (citing *Moses H. Cone*, 460 U.S. at 28).

For the reasons outlined above in the claim and issue preclusion discussion, the court believes that the Consolidated State Action will likely resolve all of the issues between the parties. Notably, plaintiff is a member of the putative class in the Consolidated State Action. He will, therefore, have his rights protected in that action. This factor weighs in favor of a stay.

### 7. The Vexatious or Reactive Nature of Either Action

Plaintiff contends that he brought this action to remedy deficiencies in the Consolidated State Action. Given this representation, the court questions why plaintiff originally filed the suit with only state-law claims. In addition, the court has reviewed the Consolidated Amended Class Petition from state court and finds it to be exceedingly comprehensive (although, admittedly, the current version of the petition was not on file at the time plaintiff filed this case). The petition addresses all factual allegations raised in this case, plus more. That said, there is no substantive evidence before the court that plaintiff's decision was made for vexatious purposes. For this reason, the seventh factor is neutral.

### 8. Impermissible Forum Shopping

The final factor, considered by some courts, relates to impermissible forum shopping. The court questions why plaintiff originally brought the case in federal court based on an uncertain diversity assertion. (*Compare* Doc. 1, ¶¶ 11 and 19 (listing citizenship of plaintiff Gerbino as New Jersey and citizenship of defendant Frank Ianna as New York) with Doc. 11-1, ¶¶ 21 and 29 (listing

citizenship of plaintiff Gerbino and defendant Frank Ianna both as New Jersey).) Plaintiff's motives are unclear, but "this factor only weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Int'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1286 (N.D. Okla. 2007) (quotation and quotation marks omitted). It does not appear that the plaintiffs in the Consolidated State Action have suffered adverse rulings; to the contrary, they have been successful in pursuing discovery (although on a non-expedited basis). They have also survived motions to dismiss. Plaintiff may have been forum shopping, but there is no indication that he did so in an impermissible manner. This factor is neutral.

### C. Balancing of the Factors

Five of the factors listed above are neutral. Three factors weigh in favor of staying the case—two of which weigh strongly in favor. The numbers, however, are not dispositive. The court applies pragmatism and flexibility in evaluating the factors. *Health Care & Ret. Corp. of Am.*, 324 F. Supp. 2d at 1205 (citation omitted). The court also bears in mind that any doubt in the application and balancing of the factors "should be resolved in favor of exercising federal jurisdiction." *Fox*, 16 F.3d at 1082.

After carefully considering each factor, the court finds that the exceptional circumstances in this case warrant a stay of the instant action. The principles underlying the *Colorado River* doctrine—wise judicial administration, conservation of judicial resources, and the comprehensive disposition of litigation—are all supported by a stay of this case.

Although defendants have only requested a stay in *Gerbino*, the court believes it necessary under its inherent power to stay both consolidated cases. "It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v.*

*F.D.I.C.*, 965 F.2d 1148, 1154–55 (1st Cir. 1992) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (other citations omitted)). In the *Steinberg* motion to consolidate, plaintiff Steinberg pointed out the similarities of both actions. Plaintiff Steinberg also acknowledged that he added a few allegations not included in *Gerbino*. But the core factual and legal basis for both consolidated federal cases are the same—rendering the identical *Colorado River* analysis appropriate for both cases. In light of this fact, the court exercises its inherent authority to stay both consolidated cases.

**IT IS THEREFORE ORDERED** that The Starburst Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, Alternatively, to Dismiss or Stay Case Pursuant to the *Colorado River* Doctrine (Doc. 34) and The Sprint Defendants' Motion to Dismiss or Stay Plaintiff's Corrected Amended Complaint (Doc. 37) are granted in part and denied in part without prejudice. The case is stayed pending disposition of Case No. 12CV08366 in Johnson County, Kansas. The portions of the motions requesting dismissal are denied without prejudice. Defendants may renew the arguments for dismissal raised in the motions, if appropriate and relevant, after disposition of the Consolidated State Action.

**IT IS FURTHER ORDERED** that plaintiff Gerbino's motion for a preliminary injunction (Doc. 54) is denied without prejudice as moot. The court makes no findings on the merit of the motion.

**IT IS FURTHER ORDERED** that all pending motions in *Steinberg* are also denied without prejudice as moot. The court also makes no findings on the merits of the motions.

**IT IS FURTHER ORDERED** that the parties must notify this court in writing within thirty days of the final disposition of the consolidated cases pending in state court.

Dated this 31st day of May, 2013, at Kansas City, Kansas.

                                      s/ Carlos Murguia
                                      **CARLOS MURGUIA**
                                      **United States District Judge**